IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KELLEY A. LAVIN,**

    **Plaintiff,**

v.                                                                                                       **Civil Action No. 3:20cv114**

**FREEDOM MORTGAGE
CORPORATION,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on three motions:

(1)     Defendant Freedom Mortgage Corporation's ("Freedom") Motion for Judgment on the Pleadings (the "Freedom Motion for Judgment"), (ECF No. 4);

(2)     Defendant Commonwealth Asset Services, LLC's ("Commonwealth," and collectively with Freedom, the "Defendants") Motion for Judgment on the Pleadings (the "Commonwealth Motion for Judgment"), (ECF No. 10); and,

(3)     Plaintiff Kelley A. Lavin's Motion to Remand (the "Motion to Remand"), (ECF No. 12).

Lavin responded to the Freedom Motion for Judgment, (ECF No. 14), and Freedom replied, (ECF No. 17). Lavin did not respond to the Commonwealth Motion for Judgment and the time to do so has expired.[1] Commonwealth, (ECF No. 16), and Freedom, (ECF No. 19), responded to the Motion to Remand. Lavin replied. (ECF No. 18.) These matters are ripe for disposition.

---

[1] Although Lavin did not respond to the Commonwealth Motion for Judgment, Commonwealth filed a reply to Lavin's Response to the Freedom Motion for Judgment. (ECF No. 15.)

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant the Motion to Remand and remand this action to the Circuit Court for the County of Hanover (the "Hanover Circuit Court"). The Court will take no action on the Freedom Motion for Judgment and the Commonwealth Motion for Judgment.

## I. Factual and Procedural Background

### A. Factual Background

In this two-count action, Lavin seeks compensatory damages from Commonwealth and Freedom following the foreclosure sale of her home. Lavin asserts that the foreclosure sale occurred in violation of the United States Department of Housing and Urban Development's ("HUD") regulations, incorporated into the Deed of Trust, which secured the mortgage loan on the home.

On April 22, 2016, Lavin and her husband purchased a home in Hanover County, Virginia, where she has resided "continuously from the date" of purchase "until the present." (Not. Removal Ex. A "Complaint" ¶¶ 6, 9, ECF No. 1-1.) "Part of the purchase price . . . of the home was a mortgage loan . . . in which [Lavin's husband] was the borrower and Freedom . . . was the lender."[2] (*Id.* ¶ 7.) The mortgage loan "was evidenced by a note . . . signed by [Lavin's husband], secured by a deed of trust . . . signed by" both Lavin and her husband. (*Id.*; *see* Mortg. Loan 4; Not. Removal Ex. E "Deed of Trust" 17,[3] ECF No. 1-5.) "The deed of trust appointed William K. Grogan . . . as trustee." (*Id.*)

---

[2] Lavin was not a party to the mortgage loan. (*See* Not. Removal Ex. F "Mortgage Loan" 4, ECF No. 1-6.)

[3] The indicated page number of each exhibit references the page number as assigned by the Court's CM/ECF System.

2

Lavin explains that the mortgage loan "was an FHA[4] loan governed by FHA regulations of" HUD. (*Id.* ¶ 8.) Lavin points to six regulations allegedly incorporated into the deed of trust several of which address HUD's so-called "face to face" meeting required pre-foreclosure, which forms the heart of Lavin's complaint against the Defendants: (1) 24 C.F.R. § 203.500;[5] (2) 24 C.F.R. § 203.604;[6] (3) 24 C.F.R. § 203.604(d);[7] (4) 23 C.F.R. § 203.501;[8] (5) 24 C.F.R. § 203.606(a);[9] and, (6) 24 C.F.R. § 203.605(a).[10] (*Id.* ¶ 12.)

---

[4] The Court presumes that "FHA" refers to the Fair Housing Act, 42 U.S.C. § 3601.

[5] Title 24, Section 203.500 relates to the servicing of mortgages insured by HUD. This subpart

> identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD. Failure to comply with this subpart shall not be a basis for denial of insurance benefits, but failure to comply will be cause for imposition of a civil money penalty, including a penalty under § 30.35(c)(2), or withdrawal of HUD's approval of a mortgagee. It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed.

24 C.F.R. § 203.500.

[6] Title 24, Section 203.604 explains that the mortgagee must have a face-to-face interview with the mortgagor in certain situations. *See* 24 C.F.R. § 203.604. In relevant part, this subsection requires

> The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced.

*Id.* § 203.604(b). This section exempts the face-to-face meeting requirements for reasons not present in this matter. *See id.* § 203.604(c).

[7] Title 24, Section 203.604(d) explains what constitutes a reasonable effort to arrange a face-to-face meeting:

3

At some unspecified time, Freedom "executed a document removing Grogan as trustee on the deed of trust and appointing Commonwealth . . . as substitute trustee." (*Id.* ¶ 23.) Freedom then "instructed Commonwealth . . . to foreclose on the home." (*Id.* ¶ 24.) "On or about 10:30 a.m. on April 11, 2019, Commonwealth . . . , acting on its own and as agent for Freedom . . . , conducted a foreclosure auction of the home, at which Freedom . . . made the high bid . . . which was substantially less than the value of the home." (*Id.* ¶ 25.) Following the foreclosure sale, Commonwealth "executed a trustee's deed conveying title to the home to Freedom . . . and conveyed the trustee's deed to Freedom." (*Id.* ¶ 26.)

After Commonwealth transferred the title of the home to Freedom, Lavin states that Freedom "filed an unlawful detainer summons against Lavin in the General District Court of Hanover County, Virginia [(the 'Hanover General District Court')] . . . which entered an order awarding Freedom . . . possession of the home." (*Id.* ¶ 28.) "That case was appealed to [the

---

A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

24 C.F.R. § 203.604(d).

[8] Title 24, Section 203.501 identifies loss mitigation efforts that a mortgagee must consider and states that the mortgagee "must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department." 24 C.F.R. § 203.501.

[9] Title 24, Section 203.606 sets forth the pre-closure review that a mortgagee must take prior to foreclosing on a property insured by HUD. *See* 24 C.F.R. § 203.606.

[10] Title 24, Section 203.605 describes the mortgagee's duty to mitigate, how to assess a mortgagee's loss mitigation performance, and when a civil monetary penalty may be assessed. *See* 24 C.F.R. § 203.605.

4

Hanover Circuit Court] which resulted in nullification of the said eviction order of the" Hanover General District Court. (*Id.*)

Freedom then "sold the home to GAP Investments for a profit." (*Id.* ¶ 30.) Lavin, on the advice of her counsel, "did not appear on the date set for th[e] case and her appeal was dismissed, which resulted in her having a record for eviction [and] . . . damaged her credit record." (*Id.*) GAP Investments then "filed an unlawful detainer summons against Lavin in the" Hanover General District Court "which is pending." (*Id.* ¶ 31.)

### B. Procedural Background

Lavin originally filed her Complaint in the Hanover Circuit Court. In Count One, Lavin maintains that Freedom breached the terms of the Deed of Trust by failing to comply with the face-to-face meeting requirement found in the HUD regulations, including 24 C.F.R. § 203.604, as those regulations are incorporated into the Deed of Trust. (*See id.* ¶¶ 14–15, 18–20.) In Count Two, Lavin asserts that Commonwealth, as the substitute trustee of the home, breached the fiduciary duty it owed to her when it conducted the foreclosure sale without first assuring that Freedom complied with the HUD regulations, including the face-to-face meeting requirement. (*See id.* ¶¶ 37–38.) In each count, Lavin seeks compensatory damages, specifically $75,000.00. (*Id.* ¶¶ 34, 40.)

The Defendants timely removed the case to this Court stating that the Court has federal question and supplemental jurisdiction over Lavin's claims. Specifically, the Defendants assert that the Court may exercise federal question jurisdiction over Count One and supplemental jurisdiction over Count Two. As to Count One, the Defendants state that "it is apparent on the face of [Lavin's] Complaint that this action arises under, and presents questions of federal law." (Not. Removal 2, ECF No. 1.) In the Notice of Removal, the Defendants attempt to distinguish

this case from a number of other decisions in which the court has remanded the case where the plaintiff alleges that a defendant has breached the face-to-face pre-foreclosure meeting requirement found in the HUD regulations, as incorporated into his or her deed of trust. (*See id.* 4–6.) The Defendants contend that the prior cases involve merely an application of the HUD regulations, whereas this case requires the Court to interpret the regulations. (*Id.*)

As to Count Two, the Defendants maintain that the Court has supplemental jurisdiction over Count Two because Counts One and Two "derive from a common nucleus, and would ordinarily be expected to be tried in a single proceeding." (*Id.* 8 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).)

Upon removal, Freedom filed the Freedom Motion for Judgment. Commonwealth then filed an Answer and the Commonwealth Motion for Judgment. Following the Freedom and Commonwealth Motions for Judgment, Lavin filed the Motion to Remand. Each of the pending motions is ripe for disposition. The Court first turns to the Motion to Remand, concluding that it will remand this action to the Hanover Circuit Court largely for the reasons articulated in several prior decisions in the United States District Court for the Eastern District of Virginia addressing similar allegations that lenders violated the face-to-face pre-foreclosure meeting requirement incorporated into a Deed of Trust.

## II. Legal Standard: Removal and Remand

Because the Motion to Remand asks the Court to consider its subject matter jurisdiction, the Court will address it before reaching the pending motions for judgment on the pleadings. *See Dupree v. Fay Servicing, LLC*, 392 F. Supp. 3d 639, 643 (E.D. Va. 2019) (citations omitted).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must strictly construe removal jurisdiction. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

A defendant may remove a civil action filed initially in state court if the plaintiff could have originally brought the action in federal court. *Abraham*, 2011 WL 1790168, at *2 (citing *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)); *see* 28 U.S.C. § 1441(a). This ordinarily requires the Court to have either federal question jurisdiction under 28 U.S.C. § 1331[11] or diversity jurisdiction[12] under 28 U.S.C. § 1332(a)(1).[13]

A federal district court may exercise federal question jurisdiction over a complaint only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 943 (E.D. Va. 2010) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)). To properly exercise federal question jurisdiction, the Court must first determine whether federal or state law creates the plaintiff's cause of action. *Mulcahey*, 29 F.3d at 151. In making this determination, the well-pleaded complaint rule guides

---

[11] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[12] The Defendants do not assert that the Court may exercise diversity jurisdiction over any claim in this matter.

[13] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

7

the Court's inquiry, which means that "courts ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint." *Pinney v. Nokia*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)).

"In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey*, 29 F.3d at 151 (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)) (emphasis in original). "If, however, state law creates the cause of action . . . [the court] appl[ies] a different test" and federal question jurisdiction "depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983); citing *Merrell Dow*, 478 U.S. at 809) (emphasis in original). In making this determination the federal issue must be "actually disputed and substantial," so that "a federal forum may entertain [it] without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Lee v. Ocwen Loan Servicing, LLC*, No. 2:18cv221, 2018 WL 4365583, at *3 (E.D. Va. July 31, 2018) (quoting *Grable*, 545 U.S. at 314). Under the substantial federal question doctrine, the defendant, who bears the burden of establishing the Court's subject matter jurisdiction upon removal, "must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of law is substantial." *Pinney*, 402 F.3d at 441 (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If the defendant fails to establish either of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine and removal cannot be justified under this doctrine." *Id.* (citing *Dixon*, 369 F.3d at 816).

Courts in the Eastern District of Virginia have previously considered cases in which plaintiffs bring breach of contract claims based on allegations that their home lender violated HUD regulations, such as the face-to-face pre-foreclosure meeting requirement, as incorporated by the applicable deed of trust. In at least four of those cases, courts have concluded that they could not exercise federal question jurisdiction over the plaintiff's claim. *See Lee v. Citimortgage*, 739 F. Supp. 2d at 941–42, 948 (remanding case where the plaintiff brought a claim seeking a declaratory judgment that his home lender breached the deed of trust by failing to comply with HUD's face-to-face pre-foreclosure meeting requirement when the plaintiff's deed of trust stated that the lender can only foreclose after complying with FHA regulations); *Lee*, 2018 WL 4365583, at *3 n.1, *5 (denying the plaintiff's motion to remand and concluding that the court could exercise diversity jurisdiction over the plaintiff's claim that her lender breached the promissory note and the deed of trust by failing to comply with HUD's face-to-face pre-foreclosure meeting requirement and Regulation X where the plaintiff's deed of trust stated that "[t]his Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located"); *Kluxen v. PNC Mortg.*, No. 3:10cv501, 2010 WL 3603493, at *1, *3 (E.D. Va. Sept. 10, 2010) (remanding case where the plaintiff alleged that her lender breached the deed of trust by failing to comply with HUD's face-to-face pre-foreclosure meeting requirement as incorporated into her deed of trust through language that stated that the lender could not foreclose on the home unless permitted to do so by FHA regulations); *Kersey v. PHH Mortg. Corp.*, No. 3:09cv726, 2010 WL 3222262, at *1, *5 (E.D. Va. Aug. 13, 2010) (remanding case *sua sponte* after concluding that the court lacked subject matter jurisdiction over an action where the plaintiff alleged that her lender breached the deed of trust by failing to comply with HUD's face-to-face pre-foreclosure meeting requirement as incorporated into the

deed of trust, which stated that the lender could foreclose only if the lender has complied with FHA regulations). A United States District Court in the Western District of Virginia similarly concluded that it could not exercise federal question subject matter jurisdiction over a plaintiff's claim that his lender breached the deed of trust by failing to comply with HUD's face-to-face meeting requirement as incorporated into his deed of trust. *Mathews v. PHH Corp.*, No. 3:09cv83, 2010 WL 3766538, at *1, *7 (W.D. Va. Sept. 24, 2010) (remanding case where the plaintiff alleged that the lender failed to comply with HUD's face-to-face meeting requirement as incorporated into his deed of trust through language that stated that the lender could only foreclose if the lender complied with FHA regulations).[14]

"Claims relating to the rights and obligations of parties under a contract, including a deed of trust, are governed by state law." *Lee*, 2018 WL 4365583, at *3 (citing *Lee v. Citimortgage*, 739 F. Supp. 2d at 943–44). As shown in four of the five Lack of Face-to-Face Meeting Cases, the Eastern District of Virginia "has routinely held that, where federal mortgage regulations are embedded into state-law breach of contract claims, the federal issues raised therein are not substantial enough to trigger the Court's federal question jurisdiction." *Id.* at *4 (citing *Melton v. Suntrust Bank*, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011); *Bennett v. Bank of Am., N.A.*, No. 3:11cv3, 2011 WL 1814963, at *2 (E.D. Va. May 11, 2011); *Kluxen*, 2010 WL 3603493, at *3); *see also Lee v. Citimortgage*, 739 F. Supp. 2d at 945; *Kersey*, 2010 WL 3222262, at *3.

As to supplemental jurisdiction, subject to certain inapplicable exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

---

[14] The Court will refer to these five cases—*Lee v. Citimortgage*, 739 F. Supp. 2d 940; *Lee*, 2018 WL 4365583; *Kluxen*, 2010 WL 3603493, *Kersey*, 2010 WL 3222262, and *Mathews*, 2010 WL 3766538—as the "Lack of Face-to-Face Meeting Cases."

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, original jurisdiction over at least one claim in the case constitutes a prerequisite to the exercise of supplemental jurisdiction. *Id.*

### III. Analysis

In the Notice of Removal, Defendants aver that the Court may exercise federal question subject matter jurisdiction over Count One and supplemental jurisdiction over Count Two. To determine whether it may properly exercise subject matter jurisdiction over this matter, the Court first determines whether it can exercise federal question jurisdiction over Count One. It cannot.

This is true because the Court concludes that state law gives rise to Count One. At least four Eastern District of Virginia courts have found that they cannot exercise federal question jurisdiction over challenges to a failure to have a face-to-face pre-foreclosure meeting, which is the exact claim facing the Court. Moreover, the *Dupree* Court's denial of a plaintiff's motion to remand does not compel remand here because it evaluates different regulations.

Finally, because the Court cannot exercise supplemental jurisdiction over claims without some form of original jurisdiction, the Court determines that it cannot exercise supplemental jurisdiction over Count Two or subject matter jurisdiction over this matter as a whole. Therefore, the Court must remand this action to the Hanover Circuit Court and will not address Freedom and Commonwealth's Motions for Judgment.

### A. Lavin's Claims Arise Under State Law

The Court begins with its conclusion that Count One arises under state law. In Count One, Lavin asserts that Freedom breached the Deed of Trust by failing to comply with the HUD

regulation that requires Freedom to hold a face-to-face meeting with Lavin prior to foreclosing on the home. Lavin avers that the Deed of Trust incorporates the regulation.

To properly exercise federal question jurisdiction, the Court must first determine whether federal or state law creates the plaintiff's cause of action, as determined by the face of the plaintiff's well-pleaded complaint. *Pinney*, 402 F.3d at 442; *Mulcahey*, 29 F.3d at 151. "Claims relating to the rights and obligations of parties under a contract, including a deed of trust, are governed by state law." *Lee*, 2018 WL 4365583, at *3 (citations omitted). A state law claim does not become a claim arising under federal law simply because a plaintiff may claim that the defendant breached a deed of trust based on federal regulations that have been incorporated into the deed of trust. *See, e.g., id.* at *4.

Looking no further than to the face of Lavin's Complaint, Lavin asserts that Freedom breached the Deed of Trust by failing to comply with a federal regulation that had been incorporated into the Deed of Trust.[15] Lavin maintains that Freedom breached this regulation when it foreclosed on her Hanover, Virginia property without first conducting or attempting to conduct a face-to-face meeting with her. Similar to the courts in the Lack of Face-to-Face Meeting Cases, because this claim would require the Court to determine if Freedom breached the Deed of Trust, the Court concludes that Count One arises under state law. *See Lee v.*

---

[15] In the Complaint, Lavin states that "[t]he deed of trust stated, in part, as follows: 'This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.'" (Compl. ¶ 10 (presumably quoting the Deed of Trust).) However, as the Defendants correctly point out, the Deed of Trust does not contain this language. (*See* Freedom Resp. Mot. Remand 1 n.1, ECF No. 19.) In the Motion to Remand, Lavin argues that although the Deed of Trust does not contain this specific language, the Governing Law provision and the Applicable Law definition sufficiently incorporates the HUD regulations into the Deed of Trust. (*See* Mem. Supp. Mot. Remand 2–3, ECF No. 13.) This material inaccuracy concerns the Court. However, as explained below, because deciding whether the Governing Law provision and the Applicable Law definition incorporate the HUD regulations into the Deed of Trust would require the Court to interpret the Deed of Trust, such a claim does not allow the Court to exercise federal question jurisdiction.

*Citimortgage*, 739 F. Supp. 2d at 943–44 (concluding that where the plaintiff alleged that a lender breached a deed of trust based on HUD regulations incorporated into a deed of trust and brought the claim as a declaratory judgment action, the claim arose under state law); *Lee*, 2018 WL 4365583 (concluding that a similar claim seeking compensatory damages arose under state law); *Mathews*, 2010 WL 3766538, at *3 (concluding that a similar claim brought as a declaratory judgment action arose under state law); *Kluxen*, 2010 WL 3603493, at *3 (same); *Kersey*, 2010 WL 3222262, at *3 (same).

### B. Prior Decisions of Courts Within The Eastern District of Virginia Persuade This Court to Conclude That Lavin's Complaint Does Not Raise a Substantial Issue of Federal Law

Having concluded that Count One arises under state law, the Court must now consider whether that state law claim raises a "*substantial* question of federal law," such that the Court may exercise federal question jurisdiction over the claim. *Mulcahey*, 29 F.3d at 151 (citation omitted). For the reasons articulated by the four Lack of Face-to-Face Meeting Cases in this District, the Court concludes that Count One does not raise a substantial question of federal law. Therefore, the Court cannot exercise federal question jurisdiction over this claim.

To raise a substantial question of federal law, Defendants "must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of law is substantial." *Pinney*, 402 F.3d at 441 (citation omitted). Failure to establish either of these two elements means that the Court may not exercise federal question jurisdiction. *Id.* (citation omitted). The Eastern District of Virginia "has routinely held that, where federal mortgage regulations are embedded into state-law breach of contract claims, the federal issues raised therein are not substantial enough to trigger the Court's federal question jurisdiction." *Lee*, 2018 WL 4365583, at *4 (collecting cases).

The essence of Lavin's claim in Count One is that Freedom breached the Deed of Trust by failing to comply with the face-to-face meeting requirement prior to foreclosing on her home, as the HUD regulations require. She maintains that the Deed of Trust incorporated the HUD regulations through the "Governing Law" provision and the "Applicable Law" definition. (Mem. Supp. Mot. Remand 2–3.) The Eastern District of Virginia has repeatedly rejected claims that a defendant has breached a deed of trust based on federal regulations incorporated into the deed of trust as failing to raise a question of federal law substantial enough to support a court's exercise of federal question jurisdiction. *See, e.g., Lee v. Citimortgage*, 739 F. Supp. 2d at 945–46 (concluding that a similar claim failed to raise a substantial federal question); *Lee*, 2018 WL 4365583, at *4 (same);[16] *Kluxen*, 2010 WL 3603493, at *3 (same); *Kersey*, 2010 WL 3222262, at *3 (same).[17]

---

[16] The *Lee* Court ultimately concluded that it could exercise diversity jurisdiction and denied the Plaintiff's Motion to Remand. 2018 WL 4365583, at *5. The Defendants did not raise diversity jurisdiction here.

[17] Defendants attempt to distinguish these prior opinions by saying that the deeds of trust involved in these cases expressly incorporated the HUD regulations, but Lavin's Deed of Trust does not expressly incorporate the HUD regulations. (*See* Freedom Resp. Mot. Remand 4; Not. Removal 5.)
Here, Lavin relies on the Governing Law provision and the Applicable Law definition to incorporate the HUD regulations into her Deed of Trust. (*See* Mem. Supp. Mot. Remand 2.) The Deed of Trust defines Applicable Law as "all controlling applicable federal, state and local statues, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." (Deed of Trust 4.)
Freedom argues that an applicable law provision does not incorporate the HUD regulations into the Deed of Trust. (Freedom Resp. Mot. Remand 4.) However, to reach this argument would require the Court to interpret the Deed of Trust, and "[c]laims relating to the rights and obligations of parties under a contract, including a deed of trust, are governed by state law." *Lee*, 2018 WL 4365583, at *3. The Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. *Mulcahey*, 29 F.3d at 151. With these principals in mind, the Court concludes that this question of state law contract interpretation does not raise a substantial question of federal law to support the exercise of the Court's federal question jurisdiction. *See Lee*, 2018 WL 4365583, at *3.

The Court will follow the weight of authority in this District as expressed in four of the five Lack of Face-to-Face Meeting Cases by concluding that Lavin's claim in Count One does not raise a substantial question of federal law that would allow the Court to exercise federal question subject matter jurisdiction over Count One. Therefore, the Court must conclude that it lacks subject matter jurisdiction over Count One.

### C. The *Dupree* Court's Decision to Deny a Motion to Remand is Inapposite Because it Evaluates a Different Regulation

Defendants identify one court in the Eastern District of Virginia that denied a motion to remand and concluded that when a plaintiff claims that defendants breached a deed of trust by failing to comply with federal mortgage regulations incorporated into the deed of trust, the plaintiff raises a claim arising under federal law. *Dupree v. Fay Servicing, LLC*, 392 F. Supp. 3d 639, 642, 643–44 (E.D. Va. 2019) (denying a motion to remand and granting a motion to dismiss). However, the Court finds *Dupree* inapposite because the *Dupree* Court considered federal mortgage regulations different than those at bar. In contrast, the four Lack of Face-to-Face Meeting Cases fall on all fours with Lavin's claim.

The *Dupree* Court concluded that "although [p]laintiff's claims may present certain questions of state contract law, [p]laintiff's right to relief on each of her three (3) claims 'necessarily depends' on the question of whether [the defendant] . . ., has violated federal mortgage regulations, which is a question of federal law." *Id.* at 644. The Court further concluded that "given the number of federal regulations at issue, the complexity thereof, and the predominance of the federal regulations in [p]laintiff's claims, the federal law questions in this case are 'substantial.'" *Id.* (citations omitted). For these reasons, the *Dupree* Court concluded that it could exercise federal question jurisdiction over the plaintiff's claims and denied the plaintiff's motion to remand. *Id.*

The Court finds *Dupree* inapposite because that court denied remand when evaluating different federal mortgage regulations than those regulations presented in Lavin's Complaint. Specifically, the *Dupree* plaintiff asserted that the defendant failed to comply with 12 C.F.R. §§ 1024.39; 1024.41; and, 1026.36. *Dupree*, 392 F. Supp. 3d at 642. *Dupree*—looking to different regulations—does not address the reasoning articulated in the many cases reviewing the so called face-to-face meeting requirement.

Lavin, on the other hand, rests her claims on Freedom's failure to conduct a face-to-face meeting before foreclosing on her home, as required by 24 C.F.R. § 203.604. Unlike *Dupree*, the *Lee, Kluxen,* and *Kersey* Courts considered the same regulation at issue in Lavin. *See Lee v. Citimortgage*, 739 F. Supp. 2d at 941 (considering plaintiff's claim that defendant breached a deed of trust that incorporated 24 C.F.R. § 203.604); *Kluxen*, 2010 WL 3603493, at *1 (same); *Kersey*, 2010 WL 3222262, at *1 (same). Therefore, Lavin's case more closely mirrors *Lee, Kluxen,* and *Kersey*, and the Court will follow those cases.

### D. The Court Cannot Independently Exercise Supplemental Jurisdiction Over Count Two

Having determined that it cannot exercise subject matter jurisdiction over Count One, the Court turns to Lavin's remaining claim in Count Two. In the Notice of Removal, the Defendants assert that supplemental jurisdiction exists over Lavin's claims that Commonwealth (the substitute trustee) breached its fiduciary duty to Lavin by foreclosing on her home without first ascertaining that Freedom complied with all of the terms of the Deed of Trust, including the incorporated HUD regulations.

Subject to certain inapplicable exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, original jurisdiction over at least one claim in the case constitutes a prerequisite to the exercise of supplemental jurisdiction. *Id.*

Lavin brings only two claims in her Complaint. (*See generally* Compl.) Federal question jurisdiction does not exist over Lavin's claim in Count One and the Defendants do not identify diversity jurisdiction as a possible ground for the exercise of jurisdiction over Count One. (*See generally* Not. Removal.) Therefore, the Court lacks original jurisdiction over Count One and cannot exercise supplemental jurisdiction over Count Two. *See* 28 U.S.C. § 1367(a).

Because the Court cannot exercise subject matter jurisdiction over either of Lavin's claims in the Complaint, it must grant the Motion to Remand and remand this action to the Hanover Circuit Court.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Remand. (ECF No. 12.) The Court will remand this action to the Hanover Circuit Court. The Court will take no action on Freedom's Motion for Judgment, (ECF No. 4), and Commonwealth's Motion for Judgment, (ECF No. 10).

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: August 12, 2020
Richmond, Virginia